Pratt, J.
Plaintiff sued to recover damages for injuries to his hand, received while in employ of defendant.
At time of the injury he was at work at a machine operated by steam power, known as a stamper. The plaintiff had been engaged at this machine for about a year prior to the accident, and was, therefore, familiar with its operation.
The gravamen of his complaint was that his injuries had been wholly caused by the negligence and carelessness of the defendant in failing and omitting to supply safe and proper machinery, in that the press on which he was in- . jured was on the day of the accident and for a long time prior thereto, had been in an unsafe and defective condition; that defendant had been notified of this fact and knew that the press was unsafe and defective and out of repair, but had negligently and carelessly failed and omitted to put it in proper condition and repair.
The press on which plaintiff was injured is constructed with a treadle attached to a rod which connects with, and *535 when the treadle is under pressure releases a clutch or catch lock in an upper wheel of the press, and this sets in motion the upper of the two dies fitted into the centre of the press: variously termed the punch, stamp or plunger, causing it to descend rapidly and with force upon the other and lower and stationary die, located about two inches below it, and to impress or stamp the figure or image cut into its surface upon any intervening metal sheet or other impressible substance.
The only motion of this upper die is a vertical one, down - and up.
The pressure on the treadle, which is necessary to imitate this motion of the die, is usually made with the foot of the operator, and such pressure must be continued to maintain the motion.
No question is made but that the plaintiff understood the construction, operation and dangers incident to this machine. The defendant provided a stick to push out the plates when stamped, so as to render it unnecessary for the workmen to put their fingers under the dies, and also caused a placard to be posted in their factory, as follows, viz.: “Employees are forbidden, under any circumstances, to put their fingers or hands under the presses.”
The plaintiff testified that the machine was out of order, so that the plunger would sometimes come down without his placing his foot upon the treadle, and that he two or three times, notified the foreman of the defendant of such defect.
On the third occasion, which was on the afternoon of the accident, he said to the foreman, “There is something loose on the treadle.”
“ I said to him (the foreman), the last time * * * that there was something loose on the treadle. That is all I said to him, and then he told me it was so near closing time to go ahead, and he would fix it after I knocked off work.”
Defendant claims that the weight of evidence is that there was no defect, and that there is a failure to prove that the injury was caused by any such defect. As to whether any such defect existed, the testimony is conflicting, but we think that question was properly left to the jury, and that the verdict ought to settle that question.
The same is true of the question' as to whether the injury was caused by a defect in the machine.
The defendant further claims that the complaint should have been dismissed, because the plaintiff violated the rule, in failing to use the stick instead of his fingers to take out from under the die a piece of work.
While the rule was well known, there was proof that it *536 was habitually and necessarily violated, and, in such a case, it is a question for the jury whether the violation is, under the circumstances, negligence. Hayes v. Bush & Denslow Manf’g Qo., 41 Hun, 407.
The question whether the plaintiff, knowing that the die might come down without his placing his foot upon the-treadle, did not put his fingers under the die at his own peril, is one of much difficulty, but he had just been, told to go ahead by the foreman, and he says it was absolutely necessary for him to place his fingers under the die, as he had used the stick and failed to accomplish the purpose.
It was fairly a question as to what a reasonable prudent man would do under the circumstances, and was properly left to the jury. He had either got to disengage the tin with his fingers or stop work, and it was for the jury to say whether such an act was negligent. Kain v. Smith, 89 N. Y., 375; Bagley v. Bowe, 105 id., 171; 6 N.Y. State Rep., 842.
The evidence upon, all the issues, was conflicting, but it presents no such case upon appeal as to call for setting aside the verdict, if no error was committed during the trial.
The letters of defendant, as to the character of the plaintiff, were properly admitted. The claim of the defendant, that the plaintiff was accustomed to be careless and unmindful of his duties, and these letters had some slight tendency to rebut such evidence.
The exceptions taken to refusals, to charge as requested by defendant, present no errors sufficient to warrant setting aside the verdict. The charge was full, and fairly covered every issue in the case, and was as favorable to the defendant as the facts warranted.
The evidence fairly sustains the finding of the jury that the defendant failed to furnish safe and suitable machinery for the use of plaintiff, whereby he was injured.
The judgment must, therefore, be affirmed.
Barnard, P. J., and Dykman, J., concur.